UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION


RICHARD LEWIS ROSENBERG,

    Plaintiff,

vs.                          CASE NO. 3:06-cv-672-J-33HTS

MARIA CINO, etc.,

    Defendant.

_____

### REPORT AND RECOMMENDATION[1]

This cause is before the Court on the document entitled In Forma Pauperis (Doc. #2; Motion), which the Court has construed as a motion to proceed *in forma pauperis*. Order (Doc. #5; Order) at 1. Having "determined that Plaintiff may not qualify as an indigent[,]" the Court entered an Order on August 3, 2006, directing Plaintiff to "provide additional documentation relating to the accuracy of the estimated [$210,000.00] value of his house within ten (10) days[.]" *Id.* Mr. Rosenberg was also advised to "provide any other information he feels would assist the Court in its determination of his indigency." *Id.* at 1-2.

Plaintiff failed to respond to the Order within the specified time period, but in reply to a show cause order (Doc. #7) entered

---

[1] Specific, written objections may be filed in accordance with 28 U.S.C. § 636 and Rule 6.02, Local Rules, United States District Court, Middle District of Florida, within ten (10) days after service of this document. Failure to file timely objections shall bar the party from a *de novo* determination by a district judge and from attacking factual findings on appeal.

on August 23, 2006, filed a response on September 1, 2006, claiming he did not receive a copy of the Order.[2]  Response to Order Dated 08/23/06, Motion Not to Dismiss (Doc. #8).  On September 12, 2006, Plaintiff filed the Response to Order Dated 8/3/06 (Doc. #10; Response), which states "[t]he exact market value [of his house] is $228,000[.]"  Response at 1.  A copy of paperwork from a refinancing of the house is attached in support of the valuation.  *See id.* at [externally numbered] 2-3.

As an initial matter, it is unclear why Plaintiff, in his Affidavit of Indigency (Doc. #3; Affidavit), represented his house's value to be $210,000.00 when he had documentation indicating a value of $228,000.00.  Affidavit at 3.  Furthermore, while the date on the refinancing paperwork as it appears on the docket is illegible, Mr. Rosenberg stated in his Motion he refinanced the house two years ago.

Under 28 U.S.C. § 1915, courts may permit a litigant to proceed *in forma pauperis* if the litigant avers in an affidavit that he or she is unable to bear the fees and costs concomitant with a lawsuit.  According to the Affidavit, Plaintiff earns $1,750.00 bi-weekly, received $70,000.00 last year in self-employment income, and his wife began working in August.  Affidavit at 2, 4; *see Lee v. Wal-Mart Stores, Inc.*, No. 3:92-cv-465AS, 1993 WL 316756, at *3 (N.D. Ind. Aug. 18, 1993) (spousal income

---

[2] The docket sheet indicates such was sent to him on August 4, 2006.

appropriately considered in determination of indigency). He has at least $17,000.00 equity in his house, which he values at $228,000.00. *See* Response at 1-4. He also owns two cars outright. Affidavit at 3. Thus, it appears Mr. Rosenberg has sufficient assets to pay the required filing fee.

### RECOMMENDATION

For the foregoing reasons, it is recommended the Motion (Doc. #2) be **DENIED** pursuant to 28 U.S.C. § 1915 and Plaintiff be given twenty (20) days within which to pay the appropriate filing fee.

**ENTERED** at Jacksonville, Florida, this 28th day of September, 2006.

/s/      Howard T. Snyder
HOWARD T. SNYDER
UNITED STATES MAGISTRATE JUDGE


Copies to:

The Honorable Virginia M. Hernandez Covington
United States District Judge

All counsel of record
    and pro se parties, if any